IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFONSO MERCADO-CRUZ, #54272-177, MOVANT, | § § § § | |
| V. | § § | CASE NO. 3:19-CV-2779-N-BK (CRIMINAL NO. 3:16-CR-247-N-1) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Movant Alfonso Mercado-Cruz's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

## I. BACKGROUND

In 2017, Mercado-Cruz pled guilty to conspiring to possess with intent to distribute a controlled substance and was sentenced to 151 months' imprisonment and a four-year term of supervised release. Crim. Doc. 173. On June 7, 2018, his direct appeal was dismissed as frivolous. Crim. Doc. 188. Mercado-Cruz filed the instant Section 2255 motion on November 19, 2019, asserting that his sentence is no longer valid in light of the holding in *United States v.*

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

*Davis*, 139 S. Ct. 2319, 2336 (2019). Doc. 1 at 1, 4. Specifically, he asserts that the two-level increase calculated under United States Sentencing Guidelines Manual § 2D1.1(b)(1)—for possession of dangerous weapons—is "invalid" because it was "based on a crime under an invalid non-existent and Vague Law." Doc. 1 at 4. He, alleges his "actual innocence" and asks that the Court vacate the two-level increase under § 2D1.1. Doc. 1 at 4, 10-11.

Having reviewed the record, the Court now concludes that the *Davis* holding is not relevant to the sentence imposed in his case. Thus, Mercado-Cruz's motion has no merit.[2]

## II. ANALYSIS

In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. But the *Davis* holding is not applicable here since Mercado-Cruz was not sentenced under Section 924(c). Mercado-Cruz pled guilty under 18 U.S.C. § 846 and 18 U.S.C. § 841(a)(1) to conspiracy to possess with intent to distribute methamphetamine, rather than to using and carrying a firearm during a crime of violence. *See* Crim. Doc. 115-1 at 10, *Presentence Report* ¶ 34; Crim. Doc. 84 (*Factual Resume*). As such, the definition of "crime of violence" in the residual clause of Section 924(c)(3)(B) was and is not at issue in his case.

At bottom, Mercado-Cruz's claim is a mere challenge of the guideline calculations and is not cognizable on Section 2255 review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of sentencing guidelines does not give rise to a constitutional issue cognizable under Section 2255); *see also Beckles v. United States*, — U.S. —, 137 S. Ct. 886,

---

[2] For the sake of judicial economy and because the motion fails on the merits, the Court need not address its untimeliness under 28 U.S.C. § 2255(f).

892 (2017) ("the Guidelines are not subject to a vagueness challenge under the Due Process Clause").

## III. CONCLUSION

For the foregoing reasons, Mercado-Cruz's Section 2255 Motion should be summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on January 13, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).